

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Gerald C. Mann
XXXXXXXXXX
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

> Opinion No. O-3334
> Re: (a) Time when a narcotic
> prescription may be filled
> by an apothecary;
> (b) whether an exempt nar-
> cotic prescription may be
> refilled.

We have for reply your letter of March 24, 1941, requesting the opinion of this department upon the following questions:

> "(1) Does the Texas Uniform Narcotic Drug Act literally mean that a narcotic prescription brought to an apothecary for filling can be fill- ed on the second day after it is issued?

> "(2) If a prescription is brought to an apothecary, calling for narcotics, on the first, third, fourth, or any later date after it is issued by the prescribing physician, properly registered under the Harrison Narcotic Act, can an apothecary, who is paying the Special Narcotic Tax, fill this prescription on the date when this prescription is brought to him for filling and dispense it on the same day to the consumer? Section 8b of the Harrison Narcotic Act does not prevent a pharmacist duly registered under the Act to fill such a prescription on the date presented to him provided 'That such prescrip- tion shall be dated as of the day on which sign- ed. . . .'

> "(3) Can a prescription calling for a nar- cotic mixture, which may also be classified within the exemption, be filled (dispensed) and refilled as such, provided it is used in good

faith and for medical purposes only, and that record is kept of the sale in the manner prescribed by law? Article 194 of the Federal Narcotic Act authorizes the pharmacist to fill and refill prescriptions which are within the exemption, provided it is dispensed to the consumer in good faith and for medicinal purposes only."

Section 6(1), of Article 725b of Vernon's Penal Code (Texas Uniform Narcotics Act), reads as follows:

"Sec. 6 (1). An apothecary, in good faith, may sell and dispense narcotic drug to any person upon a written prescription of a physician, dentist, or veterinarian, dated and signed by the person prescribing on the second day after the same is issued and bearing the full name and address of the patient for whom, or of the owner of the animal for which, the drug is dispensed, and the full name, address, and registry number under the Federal Narcotic Laws of the person prescribing, if he is required by those laws to be so registered. If the prescription be for an animal, it shall state the species of animal for which the drug is prescribed. The person filling the prescription shall write the date of filling and his own signature on the face of the prescription. The prescription shall be retained on file by the proprietor of the pharmacy in which it is filled for a period of two (2) years, so as to be readily accessible for inspection by any public officer or employee engaged in the enforcement of this Act. The prescription shall not be refilled."

Paragraph c(2) of Section 2554 of the Internal Revenue Code, Title 26, U. S. C. A., reads as follows:

"Nothing contained in this section, section 2563, or section 2564 shall apply —

"*  *  *

"(2) Prescriptions. To the sale, dispensing, or distribution of any of the drugs mentioned in section 2550 (a) by a dealer to a consumer under

and in pursuance of a written prescription issued
by a physician, dentist, or veterinary surgeon
registered under section 3221: Provided, however,
that such prescription shall be dated as of the
day on which signed and shall be signed by the
physician, dentist, or veterinary surgeon who
shall have issued the same:  And provided, further,
that such dealer shall preserve such prescription
for a period of two years from the day on which
such prescription is filled in such a way as to be
readily accessible to inspection by the officers,
agents, employees, and officials mentioned in
section 2356."

The provisions of the pertinent Federal Act, next
above quoted, contain no limitation of time within which
the narcotics or drugs involved in your inquiry, may not be
lawfully dispensed or sold to a consumer by a dealer or apo-
thecary.  The only requirement is that the prescription for
such narcotics or drugs "shall be dated as of the day on
which signed and shall be signed by the physician, dentist,
or veterinary surgeon who shall have issued the same," and
that the person so issuing shall be duly registered under the
Act.  It thus appears that while such drug or narcotic may
not be dispensed by a dealer to a consumer except in pursu-
ance of a written prescription issued under the foregoing
conditions, nevertheless, nothing appears in the Act to pre-
vent such dealer from filling such prescription or selling
such drug or narcotic immediately upon receipt of such written
prescription or upon the same day that the prescription is
brought to the dealer or apothecary.

Although the pertinent portion of the Texas Uniform
Narcotic Drug Act, quoted above, appears, at first view, to
contain language which would produce a result different from
that which we have just reached under the Federal Act, it is
our opinion, upon closer examination, and under established
rules of statutory construction, that an identical result
should be reached.  The language thereof which appears to fix
a limitation of time during which a prescription may not be
filled after issuance, is the following:

"An apothecary, in good faith, may sell and
dispense narcotic drugs to any person upon a
written prescription of a physician, dentist, or

veterinarian, dated and signed by the persons pre-
scribing on the second day after the same is is-
sued and bearing the full name and address of the
patient . . . ."

The answer to your first question turns squarely
upon a proper interpretation of the underlined portion of
the above quoted statute. Did the Legislature by the phrase
"on the second day after the same is issued", mean to say
that an apothecary or dealer, in good faith may not lawfully
sell and dispense narcotic drugs to any person upon the
written prescription of a physician, dentist or veterinarian,
later than or subsequent to the second day after the date of
issuance of such prescription? Or, on the other hand, did
the Legislature intend to prohibit the sale of narcotics dur-
ing the interim between the date of issuance of the prescrip-
tion therefor and the second day thereafter or any subsequent
day?

A literal interpretation of the phrase "on the
second day after the same is issued" would tend toward the
latter conclusion but would at the same time produce absurd
and unreasonable results and consequences. It is a matter
of common knowledge that narcotics, when prescribed in good
faith by a physician or other authorized person, for the
alleviation of human suffering, are to be administered im-
mediately. Delay in the administration of such drugs for
one hour, to say nothing of a delay of one or two days,
would often defeat their beneficent purposes and cause in-
describable suffering.

We therefore abandon literalism for reason and
humanitarianism and hold that, although narcotics may not
be dispensed or sold without the written prescription of a
physician, dentist or veterinarian, dated and signed when
issued, and containing the other statutory requisites, an
apothecary or dealer may sell and dispense narcotics under
such written prescription immediately, but not later than
the second day from the date of such prescription. He is
not required to withhold the sale of such narcotics until
the second day after the date of issuance of such prescrip-
tion or any subsequent day. In reaching this conclusion we
invoke the established rule of statutory interpretation
that an act of the Legislature should be given a fair, ration-
al, reasonable and sensible construction. 39 Tex. Juris. 172.

Your third question concerns the filling and refilling of a prescription calling for a narcotics mixture within the exemption of the Texas Uniform Narcotics Act.

Section 8, of Article 725b of the Penal Code, reads as follows:

"Sec. 8. Except as otherwise in this Act specifically provided, this Act shall not apply to the following cases:

"(1) Prescribing, administering, dispensing, or selling at retail of any medicinal preparation that contains in one fluid ounce, or if a solid or semi-solid preparation, in one avoirdupois ounce, (a) not more than two (2) grains of opium, (b) not more than one-quarter of a grain of morphine or of any of its salts, (c) not more than one grain of codeine or of any of its salts, (d) not more than one-eighth of a grain of heroin or of any of its salts, (e) not more than one-half of a grain of extract of cannabis nor more than one-half of a grain of any more potent derivative or preparation of cannabis, (f) and not more than one of the drugs named above in clauses (a), (b), (c), (d), and (e).

"(2) Prescribing, administering, dispensing, or selling at retail of liniments, ointments, and other preparations, that are susceptible of external use only and that contain narcotic drugs in such combinations as prevent their being readily extracted from such liniments, ointments, or preparations, except that this Act shall apply to all liniments, ointments, and other preparations, that contain coca leaves in any quantity or combination.

"The exemptions authorized by this Section shall be subject to the following conditions:

"a) No person shall prescribe, administer, dispense, or sell under the exemptions of this Section, to any one person, or for the use of any one person or animal, any preparation or preparations included within this Section, when he knows, or can by reasonable diligence ascertain, that such prescribing, administering, dispensing, or selling will provide the person to whom or for whose use, or the owner of the animal for the use of which such preparation is prescribed, administered, dispensed, or sold, within any forty-eight

(48) consecutive hours, with more than four
grains of opium, or more than one-half grain
of morphine or any of its salts, or more than
two (2) grains of codeine or of any of its salts,
or more than one-quarter of a grain of heroin
or of any of its salts, or more than one grain
of extract of cannabis or one grain of any more
potent derivative of or preparation of cannabis,
or will provide such person or the owner of such
animal, within forty-eight (48) consecutive
hours, with more than one preparation exempted
by this Section from the operation of this Act.

"(b) The medicinal preparation, or the lini-
ment, ointment, or other preparation susceptible
of external use only, prescribed, administered,
dispensed, or sold, shall contain, in addition
to the narcotic drug in it, some drug or drugs
conferring upon it medicinal qualities other
than those possessed by the narcotic drug alone.
Such preparation shall be prescribed, administer-
ed, dispensed, and sold in good faith as a medi-
cine, and not for the purpose of evading the
provisions of this Act.

"Nothing in this Section shall be construed
to limit the kind and quantity of any narcotic
drug that may be prescribed, administered, dis-
pensed, or sold, to any person or for the use
of any person or animal, when it is prescribed,
administered, dispensed, or sold, in compliance
with the general provisions of this Act."

Section 2551, of the Internal Revenue Code, Title
26, U. S. C. A., reads as follows:

"(a) Preparations of limited narcotic con-
tent. The provisions of this sub-chapter and part
V of sub-chapter A of chapter 27 shall not be con-
strued to apply to the manufacture, sale, distri-
bution, giving away, dispensing, or possession of
preparations and remedies which do not contain
more than two grains of opium, or more than one-
fourth of a grain of morphine, or more than one-
eighth of a grain of heroin, or more than one
grain of codeine, or any salt or derivative of

any of them in one fluid ounce, or, if a solid
or semisolid preparation, in one avoirdupois
ounce; or to liniments, ointments, or other
preparations which are prepared for external
use, only, except liniments, ointments, and
other preparations which contain cocaine or any
of its salts or alpha or beta eucaine or any of
their salts or any synthetic substitute for them:
Provided, That such remedies and preparations are
manufactured, sold, distributed, given away, dis-
pensed, or possessed as medicine and not for the
purpose of evading the intentions and provisions
of this sub-chapter and said part V; Provided
further, That any manufacturer, producer, com-
pounder, or vendor (including dispensing physi-
cians) of the preparations and remedies men-
tioned in this section lawfully entitled to man-
ufacture, produce, compound, or vend such prep-
arations and remedies, shall keep a record of all
sales, exchanges, or gifts of such preparations
and remedies in such manner as the Secretary
shall direct. Such record shall be preserved
for a period of two years in such a way as to
be readily accessible to inspection by any of-
ficer, agent or employee of the Treasury Depart-
ment duly authorized for that purpose, and the
State, Territorial, District, municipal, and
insular officers, named in section 3356, and
every such person so possessing or disposing
of such preparations and remedies shall register
as required in section 3221 and, if he is not
paying a tax under section 3220, he shall pay a
special tax of $1 for each year, or fractional
part thereof, in which he is engaged in such
occupation, to the collector of the district
in which he carries on such occupation as pro-
vided in part V of sub-chapter A of chapter 27."

There is no conflict between Section 2551 of the
Internal Revenue Code and Section 8 of Article 725b, of
Vernon's Annotated Penal Code. They provide in identical
language for the same exempt preparations.

It is, therefore, our opinion and you are advised
that a preparation exempt under the terms of Section 8 of

Article 725b of Vernon's Annotated Penal Code and paragraph (a) of Section 2351 of the Internal Revenue Code, may be filled and refilled by a pharmacist so long as the required records are kept and so long as paragraph 2(a) of Article 725b of the Penal Code is complied with.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Pat M. Neff, Jr.
Pat M. Neff, Jr.
Assistant

APPROVED May 15, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

PMN:LM:LG